Wilmer J. Harris, SBN 150407
Sami N. Khadder, SBN 232216
SCHONBRUN De SIMONE SEPLOW
HARRIS & HOFFMAN LLP
715 Fremont Avenue, Suite A
South Pasadena, CA 91030
(626) 441-4129
(626) 283-5770 facsimile
Wharris@sdshhlaw.com
Skhadder@sdshhlaw.com

Attorneys for Plaintiff
UNITED STATES OF AMERICA *ex rel.*
JERRY CADY

ORIGINAL
FILED 2010 MAR 15 PM 1:17
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
*ex rel.* JERRY CADY & JERRY
CADY, in his individual capacity,

  Plaintiff,

 v.

EMD SERONO, INC. AND DOES 1
THROUGH 10, INCLUSIVE

  Defendants.

Case No. CV07-08382 ABC (PLAx)

SECOND AMENDED COMPLAINT
FOR DAMAGES:

1.  VIOLATION OF FEDERAL
FALSE CLAIMS ACT, 31 U.S.C.
SECTIONS 3729 *et seq.*

2.  RETALIATION AND
WRONGFUL TERMINATION
IN VIOLATION OF 31 U.S.C.
SECTION 3730 (h).

3.  RETALIATION IN VIOLATION
OF FAIR EMPLOYMENT AND
HOUSING ACT

4.  FAILURE TO PREVENT
RETALIATION FROM OCCURRING

5.  WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY

6.  DEFAMATION

7.  INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS

8.  NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS

**DEMAND FOR JURY TRIAL**

1

Plaintiff THE UNITED STATES OF AMERICA *ex rel.* JERRY CADY and JERRY CADY, in his individual capacity, make the following allegations to support this complaint:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. 1331 and 31 U.S.C. 3729 *et seq.* in this action under the Federal False Claims Act.

2. Venue of this action is proper in this judicial district by virtue of 28 U.S.C. Section 1391 because, among other things, the acts complained of occurred in this judicial district and because one or more of the Defendants reside in this judicial district and all of the Defendants reside in California.

## PARTIES

3. The relator, JERRY CADY, is a citizen of the United States of America and of the State of California and resides in this judicial district. The relator brings this civil action for violations of 31 U.S.C. Sections 3729(a)(1) and 3730(h) for himself and for the United States of America pursuant to 31 U.S.C. Section 3730(b)(1).

4. The relator is informed and believes and on that basis alleges that Defendant EMD SERONO, INC. ("Serono") is a corporation incorporated in the State of Delaware, and which does business in the Central District of California. Serono may be served through its registered agent, CT Corporation System, located at 818 W. Seventh Street, Los Angeles, California, 90017. Defendant Serono is at all times mentioned herein an "employer" within the meaning of both Sections 12926(d) and 12940(h) of the California Government Code. In doing the acts herein alleged, its employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendant Serono. Defendant Serono engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of

1 | its employees, subcontractors, and agents alleged herein.

2 |     5.   The relator is informed and believes and on that basis alleges that the true names and capacities, whether corporate, associate, individual or otherwise of defendants, DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred, including violations of 31 U.S.C. Section 3729 *et seq.*, and caused injuries and damages proximately thereby to the Plaintiff and to the United States Government, as herein alleged. Each Defendant, in doing the acts, or in omitting to act as alleged in this complaint, was acting within the scope of his, her, or its actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal. Plaintiff will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

    6.   JERRY CADY is an "original source," as defined by law, of the information set forth herein.

    7.   JERRY CADY has direct and independent knowledge of the information on which the allegations herein are based.

    8.   JERRY CADY is informed and believes and on that basis alleges that the allegations in this complaint have not been publicly disclosed.

    9.   Relator has complied with the False Claims Act by providing the information upon which the allegations of this complaint are based both to the Attorney General and the United States Attorney for the Central District of California. Relator's disclosure statement is supported by material evidence known to relator at his filing establishing the existence of Defendants' false claims. Because the statement includes attorney-client communications and work product of relator's attorneys, and is submitted to the Attorney General and

to the United States Attorney for the Central District of California in their capacity as potential co-counsel in the litigation, the relator understands the disclosure statement to be privileged and confidential.

10. Relator, JERRY CADY ("Mr. Cady"), is informed and believes and on that basis alleges that all of the acts complained of herein either (i) occurred within the last six years or (ii) within the last ten years and that the United States government neither knew nor should have known of the violation of the False Claims Act within the last three years.

11. Mr. Cady was employed by Serono as a key account manager responsible for sales of a pharmaceutical drug called "Serostim", which was produced by Serono and was intended for use in the treatment of patient with HIV and AIDS associated weight loss, wasting and/or catabolism. Serostim had been approved by the Food and Drug Administration (FDA) for a 12-week treatment of HIV and AIDS patients exhibiting symptoms of wasting syndrome.

12. Many patients with HIV/AIDS -associated wasting syndrome were on Medi-Cal and/or Medicare. Patients on Medicare were required to complete the State of California Treatment Authorization Request (TAR) process in order to be approved for treatment of Serostim. In compliance with the federal anti-kickback statute, the TAR requests were generally initiated by the physicians administering the treatment to their patients for Medi-Cal approval and, upon approval, prescribed the drug to their patients.

13. Until June 2006, Mr. Cady and other Serono employees were completing TAR forms for physicians in order to expedite authorization of the treatment with Serostim, thereby allowing for increase in sales for Serono of the drug. Serono sales representatives reviewed medical records of patients who had executed a consent form generated by Serono allowing sales representative to review their medical records. Based on their review of patient records, Serono sales representatives completed the TAR forms.

14. Following June 2006, Serono management changed its policy of allowing its sales representatives to complete the forms and informed physicians that they would now be responsible to complete the forms. However, as physicians voiced concern that they lacked the staff to undertake the extensive task, Serono sales representatives worked directly with the medical assistants to complete the form by reviewing the patient data and dictating instructions to the physicians' assistants.

15. The number of patients with HIV/AIDS-associated wasting syndrome is limited in any given geographic area. Moreover, the prescribed treatment period for victims of the wasting syndrome is limited to twelve weeks. Nevertheless, Serono continually increased its sales quota for Serostim to the point where the only way employees such as Mr. Cady could comply was to achieve a level of sales that far exceeded the therapeutic value to the affected population of wasting syndrome victims.

16. On or about October 2, 2006, Mr. Cady received an e-mail from his supervisor increasing his Serostim sales quota 23.65%. Mr. Cady, after careful analysis of his sales territory and respective physician patient populations, concluded that the utilization of Serostim in his area had reached a saturated level. He protested to Mr. Robert Friedman of Serono's Office of Corporate Compliance. However, Mr. Cady believes that Mr. Friedman did not conduct necessary investigations into the matter and informed Mr. Cady, three months later, that he did not find the increased quota questionable.

17. In their continued effort to increase sales, Serono management developed a statement of medical necessity form and a "fill-in-the-blank" form that followed the step care approach used for TARs by pharmacies. On information and belief, Serono has a practice of soliciting pharmacies to complete prior authorizations at the physician's office to generate increased sales of Serostim.

18. On information and belief, Serono began approaching physicians who were supportive of competitor drugs. On information and belief, Serono paid the physicians between $10,000 to $14,000 to perform a study with Serostim. However, Serono did not specify the purpose of the study and instead used the money to induce physicians to support Serostim to increase the sales quota for the drug. Mr. Cady is informed and believes, and on that basis alleges, that Serono engaged in this practice solely to induce these physicians to prescribe Serostim and with no intention of actually using the data provided by the physicians.

19. On or about August 10, 2007, Mr. Cady was terminated from Serono.

20. Prior to filing this complaint, Plaintiff filed complaints of discrimination against the Defendants with the Department of Fair Employment & Housing. Plaintiff received a Notice of Case Closures and a Right to Sue for Defendants. Accordingly, Plaintiff has exhausted his administrative remedies.

21. Sometime during the Fall of 2006, Mr. Cady met for the first time with his supervisor, Pamela Gort. At that meeting, Ms. Gort illegally and inappropriately inquired into Mr. Cady's personal life.

22. At a second meeting between Mr. Cady and Ms. Gort, Ms. Gort illegally and inappropriately inquired into Mr. Cady's spiritual and religious activities, including whether and to what extent Mr. Cady attended religious services.

23. At another, separate meeting between Mr. Cady and Ms. Gort, Ms. Gort, upon noticing a disability placard in Mr. Cady's vehicle, illegally and inappropriately asked Mr. Cady "Just what is your disability?"

24. Believing that Ms. Gort's inquiries were inappropriate and illegal, Mr. Cady complained to Serono's Human Resources department about Ms. Gort's conduct. Mr. Cady is informed and believes and on that basis alleges that Serono

failed to conduct any real investigation about his complaints, and failed to discipline or reprimand Ms. Gort.

### FIRST CAUSE OF ACTION
### VIOLATION OF FEDERAL FALSE CLAIMS ACT
### 31 U.S.C. SECTIONS 3729 *et seq.*
### (AGAINST DEFENDANT EMD SERONO, INC. AND DOES 1 TO 10)

25. The allegations contained in paragraphs 1 through 24 are incorporated herein by this reference.

26. As described above, Defendants engaged in fraudulent schemes which resulted in the payment of money from the United States government. These schemes include false certification of compliance with statutory prerequisites for receiving government funds such as compliance with the Anti-Kickback Statute, and the receipt of government funds for treatments or services known by Defendants to be worthless and/or other fraudulent acts, all of which violate 31 U.S.C. Section 3729 *et seq.*

27. The United States government, unaware of the falsity of the claims and/or statements, and in reliance on the accuracy thereof, funded the monies paid to Defendants as a result of their fraudulent schemes. The United States Government was damaged in the amount of the monies paid to Defendants as a result of the above-described fraudulent schemes.

### SECOND CAUSE OF ACTION
### VIOLATION OF ANTI-RETALIATION PROVISIONS OF
### FEDERAL FALSE CLAIM ACT
### 31 U.S.C. SECTION 3730(h)
### (AGAINST DEFENDANT EMD SERONO, INC. AND DOES 1 TO 10)

28. The allegations contained in paragraphs 1 through 27 are incorporated herein by this reference.

29. In August 2007, relator was terminated from his employment in retaliation for his lawful acts done in furtherance of this action. After Mr. Cady reported to Serono's Compliance counsel that his quarterly sales quota for Serostim sales were unreasonably high in light of the number of potential patients, Mr. Cady faced retaliation and eventual termination. The termination of relator's employment was in violation of 31U.S.C. Section 3730 (h).

30. As a direct and proximate result of this unlawful retaliation resulting in the termination of relator's employment, JERRY CADY has suffered substantial general and special damages, including lost wages, medical expenses, earnings capacity and special damages associated with his efforts to obtain alternate employment, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF
## FAIR EMPLOYMENT AND HOUSING ACT
## (AGAINST DEFENDANT EMD SERONO, INC AND DOES 1 TO 10)

31. The allegations contained in paragraphs 1 through 30 are incorporated herein by this reference.

32. As alleged herein and in violation of California Government Code § 12940(h), Defendants retaliated against Plaintiff because Plaintiff complained of and/or reported illegal conduct by EMD SERONO that violated the False Claims Act, and for complaining of and/or reporting illegal conduct by Defendant Gort that violated the Fair Employment and Housing Act. Defendants acts of retaliation include, without limitation, Defendants' action terminating Plaintiff from his position as a key account manager.

33. As a direct and proximate result of this unlawful retaliation resulting in the termination of his employment, JERRY CADY has suffered substantial general and special damages, including lost wages, medical expenses, earnings capacity and special damages associated with his efforts to obtain alternate

1  employment, in an amount to be proven at trial.

2    34.  Plaintiff is informed and believes and thereon alleges that Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

35.  As a result of Defendants' retaliatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## FOURTH CAUSE OF ACTION
## FAILURE TO PREVENT RETALIATION FROM OCCURRING
## (Cal. Gov't Code § 12940(k))
## (AGAINST DEFENDANT EMD SERONO, INC. AND DOES 1 TO 10)

36.  Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 35 above.

37.  Defendants failed to take all or any reasonable steps necessary to prevent retaliation from occurring, in violation of Government Code § 12940, subd. (k).

38.  As alleged herein, Defendants knew or should have known of the retaliation against Plaintiff, but failed to take any appropriate action to prevent the retaliation from occurring. With respect to retaliation for complaining of and/or reporting illegal conduct by Pamela Gort that violated the Fair Employment and Housing Act, Defendant either had no policy or had a policy that was ineffective, had in place no procedures or ineffective procedures, and failed to implement any such policies, practices, and procedures in an effective manner.

39.  At all relevant times, Defendants failed to make an adequate or any response to the retaliatory conduct described above and thereby established a

9

1  policy, custom, practice, or usage, which condoned, encouraged, tolerated,
2  sanctioned, ratified, approved of, and/or acquiesced in retaliation against
3  Defendants' employees for complaining about illegal activities, including, but not
4  limited to, Plaintiff.

5        40. Plaintiff is informed and believes, and on that basis alleges, that at all
6  relevant times, Defendants failed to provide any or adequate training and
7  education to their personnel, and most particularly to management and
8  supervisory personnel regarding their retaliation policies and procedures.
9  Defendants knew or reasonably should have known that such failure would result
10 in retaliation against Plaintiff for complaining about illegal activities. Such
11 failure on the part of Defendants constituted deliberate indifference to the rights
12 of Defendants' employees, including, but not limited to, Plaintiff under
13 Government Code § 12940, subd. (k).

14       41. By aforesaid acts and omissions of Defendants, and each of them,
15 Plaintiff has been directly and legally caused to suffer actual damages including,
16 but not limited to, loss of earnings and future earning capacity, and other
17 pecuniary loss not presently ascertained.

18       42. As a further direct and legal result of the acts and conduct of
19 Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did
20 suffer and continues to suffer severe emotional and mental distress, anguish,
21 humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The
22 exact nature, duration, and extent of said injuries is presently unknown to
23 Plaintiff, but he is informed and believes and thereon alleges that some if not all
24 of the injuries are reasonably certain to be permanent in character.

25       43. Plaintiff is informed and believes and thereon alleges that Defendants
26 and their managers, officers, and/or directors committed the acts alleged herein
27 maliciously, fraudulently, and oppressively, with the wrongful intention of
28 injuring Plaintiff and acted with an improper and evil motive amounting to malice

or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

44. As a result of Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## FIFTH CAUSE OF ACTION
## WRONGFUL TERMINATION
## IN VIOLATION OF PUBLIC POLICY
## (AGAINST DEFENDANT EMD SERONO, INC. AND DOES 1 TO 10)

45. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 44 above.

46. At all times during his employment with Defendants, Plaintiff performed his duties in an exemplary fashion.

47. Plaintiff is informed and believes and thereon alleges that Defendants' termination of Plaintiff from employment, as alleged herein, was based on the fact that Plaintiff had (1) complained of and/or reported illegal conduct by EMD SERONO that violated the False Claims Act, (2) complained of and/or reported illegal conduct that violated the Fair Employment and Housing Act.

48. By reason of the aforementioned conduct and circumstances, Defendants violated the fundamental public policies of the United States and the State of California, as set forth in 31 U.S.C. Section 3730 and Section 12940 of the California Government Code.

49. As a direct, foreseeable, and legal result of Defendants' discriminatory acts, Plaintiff has incurred and continues to incur medical expenses and substantial losses in earnings and job benefits, and has suffered and continues to suffer

humiliation, embarrassment, mental and emotional distress, and discomfort, all to his damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

50. Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## SIXTH CAUSE OF ACTION

## DEFAMATION

### (AGAINST DEFENDANT EMD SERONO, INC. AND DOES 1 TO 10)

51. Plaintiff incorporates by reference paragraphs 1 through 50, inclusive, as though fully set forth herein.

52. Plaintiff is informed and believes, and on that basis, alleges that Defendants, and each of them, published written and/or verbal statements to third parties other than Plaintiff, including, statements without limitation statements attributing to Plaintiff incompetence, dishonesty and/or illegality in the performance of job duties.

53. For example, plaintiff is informed and believes, and on that basis, alleges that in or about January 2008 and other times, one of Defendants' representatives from New York, Laura Pharudin, stated that Mr. Cady was terminated for selling Serostim for improper uses, specifically for its anti-aging properties. Selling Serostim for use as an anti-aging agent constitutes unlawful conduct. This statement was published to other of Defendants' employees,

including, without limitation, Ruby Menocha. Plaintiff is informed and believes, and on that basis, alleges that other defamatory statements were made about him of which he is not presently aware.

54. Defendants made the statements in such a manner that those who received the statements knew and understood that the statements were about the Plaintiff.

55. Defendants made the statements in such a manner that those who received the statements knew and understood the statements to mean that Plaintiff engaged in the conduct alleged hereinabove and generally that Plaintiff was in fact incompetent, dishonest and/or criminal in the performance of his job duties.

56. Defendants made the statements alleged herein with actual or constructive knowledge that such statements were false, or, in the alternative, with reckless disregard for the truth of such statements.

57. By publishing such false statements and other conduct as indicated hereinabove, Defendants have engaged in conduct in conduct that constitutes libel per se, libel, slander per se, and/or slander.

58. Said libel per se, libel, slander per se, and/or slander have resulted in damage to Plaintiff, including, but not limited to, loss of earnings, benefits and future earnings capacity, embarrassment, emotional distress, diminished career opportunities and other injuries and pecuniary loss not presently ascertained. Such damages cannot be ascertained with precision at this time,.

59. As a further direct and legal result of the acts and conduct of Defendants and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries are presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

60. Plaintiff is informed and believes and on that basis alleges that defendants and their managers, officers, and/or directors committed and/or ratified the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. King's and A2's aforementioned conduct was also despicable, wanton, willful, duplicitous, and was performed with the intent to injure Plaintiff. Accordingly, Plaintiff is entitled to exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT EMD SERONO, INC AND DOES 1 TO 10)

61. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 60 above.

62. Defendants engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress, and with wanton and reckless disregard for the injurious result to Plaintiff. As set forth in detail above, Defendants retaliated against Plaintiff for complaining of and/or reporting illegal conduct by EMD SERONO that violated the False Claims Act, and retaliated against Plaintiff for complaining of and/or reporting illegal conduct that violated the Fair Employment and Housing Act

63. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

64. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, pain, discomfort, and anxiety. The exact nature and extent of

said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.

65. As a further proximate result of the acts of Defendants and each of them, Plaintiff has been damaged in that he has been required to expend money and to incur obligations, and may continue to do so in the future to expend money and incur obligations, for treatment and/or medication reasonably required in the relief of the injuries herein alleged.

66. Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT EMD SERONO, INC AND DOES 1 TO 10)

67. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 24 above.

68. As an employee of Defendants EMD SERONO, Plaintiff was owed a duty of due care by Defendants, and each of them, to ensure that Plaintiff was not exposed to foreseeable harms.

69. Defendants, and each of them, knew, or should have known, that Plaintiff was being, or would be, subjected to the conduct as alleged herein, and knew, or should have known, that subjecting Plaintiff to such conduct and/or failing to exercise due care to any other employee, officer, agent or supervisor

from engaging in such conduct, could and would cause Plaintiff to suffer severe emotional distress. Defendants, and each of them, breached their duty of due care by engaging in such conduct, by failing to take any and all reasonable steps to halt such conduct and/or to prevent such conduct from occurring, and by failing to take appropriate corrective action following such conduct.

70. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

71. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, the relator, on behalf of himself and/or the United States of America, prays as follows:

1. That the Court enter judgment against Defendants, and each of them, in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of at least $10,000 for each action in violation of 31 U.S.C. Section 3729, and the cost of this action, with prejudgment and postjudgment interest, including the cost to the United States for its expenses related to this action;

2. That the relator be awarded all costs incurred, including reasonable attorneys' fees and costs incurred in bringing this action;

3. That the relator be awarded the maximum amount allowed to her pursuant to the False Claims Act;

1    4.    That the Court grant permanent injunctive relief to prevent any recurrence of the false claims for which redress is sought in this Complaint;

    5.    That the relator be awarded prejudgment and postjudgment interest;

    6.    For relator's claim under Section 3730(h), that relator be granted all relief necessary to make her whole, including, but not limited to, two times her back pay and compensatory damages sustained a result of the retaliation she suffered;

    7.    General damages in the sum of $5,000,000.00;

    8.    Special damages, including medical expenses, and loss of earnings and earnings capacity, in an amount according to proof;

    9.    Costs of suit

    10.    Interest

    11.    Attorneys' fees pursuant to the False Claims Act and the Fair Employment and Housing Act;

    12.    That the United States and relator receive all relief, both at law and at equity, to which the Court determines they are entitled;

    13.    For such other and further relief as the Court deems just and proper.

///

Dated: March 15, 2010        SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP

By: *Wilmer J. Harris* (signature)

Wilmer J. Harris, Esq.
Sami N. Khadder, Esq.,
Attorneys for Plaintiff

## DEMAND FOR JURY

Relator, on behalf of himself and the United States, hereby demands trial by jury on all issues.

///

Dated: March 15, 2010

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP

By: *Wilmer J. Harris*

Wilmer J. Harris, Esq.
Sami N. Khadder, Esq.,
Attorneys for Plaintiff

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 715 Fremont Street, Suite A, South Pasadena, CA 91030.

    On **March 15, 2010,** I caused the service of the following document described as:

## SECOND AMENDED COMPLAINT

on all interested parties in this action by placing ___ an original or __X__ a true copy thereof enclosed in sealed envelope addressed as follows:

Fred A. Kelly, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

Ann K. Smith, Esq.
Nixon Peabody LLP
Gas Company Tower
555 West Fifth Street
Los Angeles, CA 90013


Linda Kontos, AUSA
Office of the United States Attorney
300 N. Los Angeles Street
Room 7516, Federal Building
Los Angeles, CA 90012

_X_ **[By MAIL]** I caused such envelope to be deposited in the mail at Pasadena, California. The envelope was mailed with postage thereof fully prepaid.

Executed on **March 15, 2010**, at South Pasadena, California.

_X_ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

_____
Kristina Akopyan